UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYURI ARAQUE−MARQUEZ,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2383

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.8.)

In an order entered on August 21, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Aug. Order, ECF No. 3.) Respondents filed their response on August 26, 2026, (ECF No. 4), and Petitioner filed her reply on August 27, 2026, (Reply, ECF No. 5).

On September 18, 2026, the Court issued an order requiring Respondents to set forth the outcome of Petitioner's September 2, 2026, custody redetermination hearing. (Sept. 2026 Order, ECF No. 6.) Respondents filed their supplemental response on September 18, 2026. (Suppl. Resp., ECF No. 7.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.3.) Petitioner entered the United States on or about June 25, 2023. (*Id.*) Shortly after Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered and arrested Petitioner and placed her in expedited removal proceedings. (2023 Form I-213, ECF No. 4-1, PageID.26.) United States Citizenship and Immigration Services (USCIS) established Petitioner's credible fear of persecution and issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) as a noncitizen who was not admitted or paroled into the United States, which placed Petitioner in standard, non-expedited removal proceedings under § 240 of the INA. (*Id.*) DHS then released Petitioner on her own recognizance in United States. (*Id.*; Order of Release on Recognizance, ECF No. 4-2, PageID.29–32.)

On June 27, 2026, ICE agents arrested Petitioner. (Pet., ECF No. 1, PageID.4.) On September 2, 2026, an Immigration Judge with the Detroit Immigration Court denied Petitioner's request for bond, concluding that because Petitioner was previously in expedited removal proceedings, she was ineligible for bond. (Immigration Judge Order, ECF No. 7-1, PageID.51.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Jurisdiction**

Respondents contend that this Court lacks jurisdiction to review Petitioner's claim for habeas relief because Petitioner was previously in expedited removal proceedings. (Resp., ECF No. 4, PageID.19–21.) They claim that, because the previously issued Notice and Order of Expedited Removal charged Petitioner with expedited removal under § 1225(b)(1), this Court's § 2241 habeas inquiry regarding Petitioner's present detention is limited by 8 U.S.C. § 1252(a)(2)(A).[1]

[1] Section 1252(a)(2)(A) of Title 8, titled "[r]eview relating to section 1225(b)(1), provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review—
>
> (i) except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title.

8 U.S.C. § 1252(a)(2)(A). And, subsection (e) provides:

> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of--
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to

The Court previously considered this argument in *Vettah v. Raycraft*, No. 1:26-cv-1735, 2026 WL 1945090, at *2 (W.D. Mich. July 6, 2026), and concluded that the Court was not precluded from reviewing the petitioner's habeas claims because the petitioner was not currently detained under § 1225(b)(1) for expedited removal. Likewise, in this case, Petitioner is not presently detained under § 1225(b)(1) for expedited removal, and Respondents acknowledge that Petitioner is now in full § 1229a removal proceedings pursuant to a Notice to Appear. (*See* 2023 Form I-213, ECF No. 4-1, PageID.26); 8 U.S.C. § 1229a(a)(1) (providing that "removal proceedings under section 1229a of this title" begin with the government issuing a "notice to appear"); *see also Reyes v. Nielsen*, No. CV H-18-3971, 2020 WL 1442349, at *3 (S.D. Tex. Feb. 6, 2020), *report and recommendation adopted sub nom. Sequeria Reyes v. Nielsen*, No. 4:18-CV-3971, 2020 WL 1444920 (S.D. Tex. Mar. 24, 2020) (explaining that an "NTA is not issued in a[n] Expedited Removal because an alien is not entitled to a hearing before an Immigration Judge and is detained. *See* 8 C.F.R. § 235.3(2)(ii-iii)"). Therefore, for the same reasons set forth in *Vettah v. Raycraft*, the Court concludes that it is not precluded from reviewing Petitioner's habeas claims. *See Vettah*, 2026 WL 1945090, at *2.

## V. Merits Discussion

### A. Statutory Basis for Petitioner's Detention

For the same reasons set forth in *Betancourth-Martell v. Mullin*, No. 1:26-cv-1255, 2026 WL 1532967 (W.D. Mich. June 1, 2026),[2] the Court disagrees with Respondents' argument that

---

> such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

*See* 8 U.S.C. § 1252(e)(2).

[2] See *also, e.g.*, *Vettah v. Raycraft*, No. 1:26-cv-1735, 2026 WL 1945090, at *2–3 (W.D. Mich. July 6, 2026); *Vega-Duno v. Raycraft*, No. 1:26-cv-1570, 2026 WL 1593320, at *1 & n.2 (W.D. Mich. June 4, 2026); *Espinoza Ramirez v. Unknown Party*, No. 1:26-cv-1505, 2026 WL 1551778,

Petitioner's detention is governed by § 1225 due to her manner of entry into the United States, which included initially being placed in expedited removal proceedings, but then being transferred to § 1229a removal proceedings and released from custody after an asylum officer determined that she had a credible fear of persecution.

Therefore, based on the facts presented by the parties, and the reasoning of the United States Court of Appeals for the Sixth Circuit in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.

**B. Fifth Amendment Due Process Considerations**

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Lopez-Campos v. Raycraft*, the Sixth Circuit Court of Appeals explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993*); see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 175 F.4th at 732. The Sixth Circuit therefore upheld the lower courts' determinations the government's detention of the *Lopez-Campos* petitioners "without bond under § 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id*. at 734.

---

at *1 & n.3 (W.D. Mich. June 2, 2026); *Morales Morales v. U.S. Dep't of Homeland Sec.*, No. 1:26-cv-714, 2026 WL 972715, at *2–3 (W.D. Mich. Apr. 10, 2026); *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026).

Petitioner is likewise detained under § 1226(a) and has been denied an individualized bond hearing. Therefore, the Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights. *See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

**VI. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**VII. Proper Respondents**

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act if Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[3] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: September 22, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

[3] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.